# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| | CASE NUMBER:  8:12-CR-150-T-24EAJ |
| v. | USM NUMBER:  56629-018 |
| LUIS DULUC | |
| | Defendant's Attorney:  David Weisbrod, (Ret.) |
| | & Eric Kuske, (Ret.) |
| THE DEFENDANT: | |

__X__ pleaded **Guilty** to Count One and Twenty Six of the Superseding Indictment.
__ pleaded nolo contendere to count(s) which was accepted by the court.
__ was found guilty on count(s) after a plea of not guilty.

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 1349 | Conspiracy to Commit Health Care Fraud | October 2, 2009 | One |
| 18 U.S.C. § 1035(a)(2) | False Statements relating to health care matters | August 15, 2008 | Twenty Six |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

__X__ The Original Indictment and Counts 2s-20s, 22s-25s & 27s-35s of the Superseding Indictment are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.
If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence: December 2, 2014

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

DATE: December 2, 2014

AO 245B (Rev 06/05) Sheet 2 - Imprisonment

Defendant: LUIS DULUC  
Case No.: 8:12-CR-150-T-24EAJ  

Judgment - Page 2 of 6

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **ONE HUNDRED THIRTY TWO (132) MONTHS**. That term consists of ONE HUNDRED TWENTY (120) MONTHS as to Count One of the Superseding Indictment and TWELVE (12) MONTHS as to Count Twenty Six of the Superseding Indictment to run consecutive to Count One.

_X_ The court makes the following recommendations to the Bureau of Prisons: FCI facility located in Pensacola, Florida.

__ The defendant is remanded to the custody of the United States Marshal.  
__ The defendant shall surrender to the United States Marshal for this district.

    __ at __ a.m./p.m. on __.  
    __ as notified by the United States Marshal.

_X_ The defendant shall surrender for service of sentence on or after February 1, 2015 at the institution designated by the Bureau of Prisons.

    __ before 2 p.m. on __.  
    _X_ as notified by the United States Marshal.  
    __ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at_____, with a certified copy of this judgment.

                                                      United States Marshal

                                          By:_____  
                                          Deputy Marshal

Defendant: LUIS DULUC
Case No.: 8:12-CR-150-T-24EAJ

Judgment - Page 3 of 6

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **THREE (3) YEARS** as to Counts 1 & 26 of the Superseding Indictment to run concurrently.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.
The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 104 tests per year.

__X__  The mandatory drug testing provisions of the Violent Crime Control Act are waived. However, the court authorizes the Probation Office to conduct random drug testing not to exceed 104 tests per year.

__X__  The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or a restitution it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 06/05) Sheet 3C - Supervised Release

Defendant: LUIS DULUC
Case No.: 8:12-CR-150-T-24EAJ

Judgment - Page 4 of 6

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

X    The defendant shall provide the probation officer access to any requested financial information.

X    The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, acquisitions or obligating herself for any major purchases without approval of the probation officer.

AO 245B (Rev 06/05) Sheet 5 - Criminal Monetary Penalties

Defendant: LUIS DULUC
Case No.: 8:12-CR-150-T-24EAJ

Judgment - Page 5 of 6

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Total Restitution |
|---|---|---|---|
| **Totals:** | $200.00 | Waived | $14,424,856.13 |

\_\_  The determination of restitution is deferred until \_\_\_. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

X  The defendant must make restitution (including community restitution) restitution obligation shall be payable to the Clerk, U.S. District Court, for distribution to the victim in the amount listed below.

\_\_  If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States.

| Payment | *Total Amount of Restitution Ordered |
|---|---|
| U.S. Health and Human Services<br>CMS Div. of Accounting Operations<br>P.O. Box 7520<br>Baltimore, MD 21244 | $14,424,856.13 |
| Payable to the:<br>Clerk of U.S. District Court<br>c/o Debt Collection<br>401 West Central Blvd.<br>Orlando, Florida 32801<br>(For distribution of victims) | |
| **Totals:** | $14,424,856.13 |

\_\_  Restitution amount ordered pursuant to plea agreement  $_____.

\-  The defendant shall pay interest on any fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    X  the interest requirement is waived for the restitution.

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

Defendant:  LUIS DULUC
Case No.:   8:12-CR-150-T-24EAJ

Judgment - Page  6  of  6

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A.  _X_  Lump sum payment of $200.00 due immediately, balance due

   __ not later than _____, or

   _X_ in accordance __ C, __ D, __ E or _X_ F below; or

B.  __  Payment to begin immediately (may be combined with ___ C, ___ D, or ___ F below); or

C.  __  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ days (e.g., 30 or 60 days) after the date of this judgment; or

D.  __  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____, (e.g., months or years) to commence _____ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E.  __  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F.  _X_  Special instructions regarding the payment of criminal monetary penalties: **While in Bureau of Prisons custody, you shall either (1) pay at least $25 quarterly if you have a non-Unicor job or (2) pay at least 50% of his monthly earnings if you have a Unicor job. Upon release from custody, you shall pay restitution no less than $100 per month, until the probation office has reassess your monthly earnings, which could change the amount to be paid on a monthly basis. At any time during the course of post-release supervision, the victim, the government, or the defendant, may notify the Court of a material change in the defendant's ability to pay, and the Court may adjust the payment schedule accordingly.**

Unless the court has expressly ordered otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

_X_  Joint and Several

   Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

**Restitution in the amount of: $14,424,856.13 shall be paid jointly and severally with Margarita Grishkoff and Roberto Fernandez Gonzalez co-defendants in case number 8:12-cr-150-T-24EAJ; Jose Pascual defendant in case number 8:12-cr-157-T-30EAJ; Rafael Roche and Alain Remy defendants in case number 8:13-cr-239-T-33MAP; and Luis Alberto Garcia Perojo defendant in case number 8:13-cr-589-T-26TGW.**

__  The defendant shall pay the cost of prosecution.

__  The defendant shall pay the following court cost(s):

_X_  The defendant shall forfeit the defendant's interest in the following property to the United States:

   **[SEE ATTACHED [238] FORFEITURE MONEY JUDGMENT.]**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                          Case No. 8:12-cr-150-T-24EAJ

LUIS DULUC

## FORFEITURE MONEY JUDGMENT

THIS CAUSE comes before the Court upon the United States' Motion for a Forfeiture Money Judgment in the amount of $14,424,856.00.

Being fully advised of the relevant facts, the Court hereby finds that at least $14,424,856.00 in proceeds was obtained as a result of the healthcare fraud conspiracy and false statements relating to health care matters to which the defendant pled guilty.

Accordingly, it is hereby:

ORDERED, ADJUDGED, and DECREED that for good cause shown, the United States' motion is GRANTED.

It is FURTHER ORDERED that, pursuant to 18 U.S.C. § 982(a)(7) and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the defendant shall be liable for a forfeiture money judgment in the amount of $14,424,856.00, for which he will be held jointly and severally liable with co-defendant Margarita Grishkoff for the full amount, and co-defendant Roberto Gonzalez for up to $446,738.85, and with co-defendant Jose Pascual for up to $1,292,375.25, *See United States v. Pascual*, Case No. 8:12-cr-157-T-30EAJ.

It is FURTHER ORDERED that, upon entry of this order, it shall become a final order of forfeiture as to the defendant.

The Court retains jurisdiction to address any third party claim that may be asserted in these proceedings, to enter any further order necessary for the forfeiture and disposition of such property, and to order any substitute assets forfeited to the United States up to the amount of the forfeiture money judgment.

DONE and ORDERED in Tampa, Florida, this ___11th___ day of ___April___, 2014.

SUSAN C. BUCKLEW
UNITED STATES DISTRICT JUDGE

Copies to:
Natalie Hirt Adams, AUSA
Counsel of Record

2